CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 30 2010

JOHN F. CORCORAN, CLERK
BY: /s/ H. McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID RAY BARBOUR,<br>Plaintiff, | Civil Action No. 7:10-cv-00089 |
| v. | **MEMORANDUM OPINION** |
| DEBBIE WHEELER, <u>et al.</u>,<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff David Ray Barbour, a Virginia inmate proceeding <u>pro se</u>, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff alleges that the defendants, the Lynchburg Jail ("Jail") and its warden, Debbie Wheeler, are responsible for the commissary unlawfully confiscating funds from his inmate trust account. After screening plaintiff's submissions pursuant to 28 U.S.C. § 1915A(b)(1), I dismiss the complaint as frivolous.

I.

Plaintiff alleges the following facts in his complaint. Plaintiff made a purchase from the Lynchburg Jail's commissary on February 7, 2010, and the commissary removed funds from his account. However, the commissary did not give him the ordered item. Because the commissary did not return his money or provide the item, plaintiff is suing the Jail and its warden. Plaintiff requests $5,000 as relief.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which

clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Allegations that prison officials intentionally or negligently deprived an inmate of his property do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff possesses a post-deprivation remedy under Virginia law, the Virginia Tort Claims Act ("VTCA"). See Va. Code § 8.01-195.3. "Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Therefore, plaintiff can not prevail with a constitutional claim under § 1983 against the Jail and its warden based on the alleged property loss in this case. See Artis v. Mapp, No. 91-6016, 1991 U.S. App. LEXIS 7122, at *1 (Apr. 24, 1991) (per curiam) (affirming with the modification that an inmate's complaint about the state's deprivation of his property is frivolous because of availability of a post-deprivation remedy). Furthermore, a claim that prison officials have not followed their own policies or procedures also does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741, 752-53 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding

that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Moreover, the Jail is not a person subject to liability under § 1983, and plaintiff fails to make any credible allegation against the warden for acts done by the commissary. See Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009) (determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. Apr. 13, 1992) (reasoning local jails and the members of the Sheriff's office who administer the jails are part of the Commonwealth of Virginia and are not appropriate defendants in a § 1983 damages action). Accordingly, I dismiss the complaint as frivolous because plaintiff's complaint has no arguable basis for relief under § 1983.

III.

For the foregoing reasons, I dismiss the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1). I decline to exercise supplemental jurisdiction over any state law claim related to the allegations in this complaint, pursuant to 28 U.S.C. § 1367(c)(3).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 30th day of April, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge